UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANGELO STORNELLO,

        Plaintiff,                           Civil No. 1:13-CV-13085
                                                     Honorable Thomas L. Ludington

v.

BARBARA SAMPSON, et al.,

        Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL
AND DENYING RIGHT TO PROCEED WITHOUT PREPAYMENT OF FEES AND
COSTS ON APPEAL**

Angelo Stornello is a state prisoner incarcerated at the Parnall Correctional Facility in Jackson, Michigan. On July 18, 2013, he filed a complaint alleging claims under 42 U.S.C. § 1983. Stornello names three members of the Michigan Parole Board as defendants, seeking monetary and injunctive relief.

Stornello's allegations arise from the Michigan Parole Board's decision requiring him to complete residential sex offender programming (RSOP) at the Cooper Street Correctional Facility, rather than at a community-based treatment program, and the Parole Board's subsequent denial of release on parole. In June 2011, the parole board recommended that Stornello be placed at a community-based treatment program. He was then accepted into a community-based program, but, sometime later, his community-based program placement was canceled. He was then informed he would instead remain incarcerated and participate in a residential prison program. Ultimately, Stornello removed himself from the residential treatment program because of his concerns about confidentiality. *Stornello v. Department of Corrections*, No. 309636, 2013 WL 951174, at *3 (Mich. Ct. App. Feb. 19, 2013).

**I**

Federal Rule of Civil Procedure 8 requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Stornello has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an

arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

**II**

**A**

First, Stornello argues that the Defendants violated his rights under the Due Process Clause by requiring him to complete an RSOP program before he could be released on parole. Stornello also asserts that the Defendants violated his Due Process rights by issuing an 18-month continuance, so that he was not eligible for parole until that time had passed, without first granting him an interview.

The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. As the Supreme Court has explained, the Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974). The Supreme Court has definitively held that under the United States Constitution, a lawfully convicted person has no right to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *See Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372,

377-378 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458–59 (6th Cir. 2006)). While there is no federal constitutional right to parole, the Supreme Court has held that a convicted person may have a liberty interest created by a state's laws, which is subject to constitutional protection. *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

A state does not have a constitutional duty to establish a parole system, however, and the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *See Greenholtz*, 442 U.S. at 7, 11; *see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole.

Recognizing the "broad powers" of Michigan authorities to deny parole, the United States Court of Appeals for the Sixth Circuit has specifically held that Michigan law does not create a liberty interest in parole. *See Sweeton v. Brown*, 27 F.3d 1162, 1164–65 (6th Cir. 1994) (en banc); *see also Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004) (following *Sweeton*). The Michigan Supreme Court has also recognized that there is no liberty interest in parole in Michigan. *See Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603–04 (Mich. 1999). Consequently, the denial of parole does not implicate a federal right. *See Crump v. Lafler*, 657 F.3d 393, 404–05 (Michigan state prisoners have no protected liberty interest in release on parole).

"Prisoners have no constitutional right to rehabilitation, education, or jobs." *Argue v. Hofmayer*, 80 F. App'x 427, 429 (6th Cir. 2003) (citing *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981)); *see also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976). "[P]articipation in a rehabilitative program is a privilege that the Due Process Clause does not guarantee." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). Because prisoners have no constitutional right to participate in a

rehabilitation program, Stornello cannot show that the Board's decision deprived him of due process of law.

**B**

Stornello also argues that the cancellation of his treatment in a community-based treatment program and the denial of release on parole constitute cruel and unusual punishment because these decisions caused him tremendous disappointment, emotional distress, and depression.

The denial of parole does not constitute cruel and unusual punishment where a prisoner is not being held beyond the statutory maximum for the crimes of conviction. *Kordenbrock v. Brown*, 469 F. App'x 434, 435 (6th Cir. Apr. 17, 2012); *see also Carnes v. Engler*, 76 F. App'x 79, 81 (6th Cir. 2003) (holding that the denial of parole does not implicate the Eighth Amendment's prohibition against cruel and unusual punishment); *Slakman v. Buckner*, 434 F. App'x 872, 875 (11th Cir. 2011) ("[T]he [parole board's] decision to deny [prisoner] parole constitutes merely a disappointment, rather than a punishment of cruel and unusual proportions.").

Stornello's disappointment and depression about his continued confinement do not establish an Eighth Amendment violation.

**III**

For the reasons stated, the Court concludes that the complaint fails to state a claim upon which relief may be granted.

Accordingly, it is **ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further **ORDERED** that if Stornello elects to appeal this decision, he may not proceed without prepayment of the fees and costs on appeal because an appeal would be frivolous and could

not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

Dated: January 17, 2014                                             s/Thomas L. Ludington
                                                                    THOMAS L. LUDINGTON
                                                                    United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Angelo Stornello #264946, Parnall Correctional Facility, 1780 E. Parnall, Jackson, MI 49201 by first class U.S. mail, on January 17, 2014.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS